IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    CRIMINAL NOS. 1:11-00159
                                                    1:13-00173

BRETT DAVID BOWYER


<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is defendant's pro se motion asking that counsel be appointed in order to help him seek a modification in the imposed condition of his supervised release regarding computer use.  <u>See</u> ECF No. 41.  Defendant is still in BOP custody and not yet on supervised release.  Therefore, his motion is somewhat premature.  Nevertheless, the court is considering a modification to defendant's computer restriction to bring it in line with this court's current sex offender restrictions.

At sentencing, the court imposed the following condition of supervised release:

> The defendant shall not use, purchase, possess, procure or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers or exchange formats involving computers unless approved by the U.S. Probation Officer for such purposes as defendant's lawful gainful employment by a business entity or use by an immediate family member living in defendant's same household or for other legitimate purposes.  Such computers, computer hardware or software possessed solely by

the defendant is subject to searches and/or
seizures by the U.S. Probation Office.

See ECF No. 40 in Criminal Action No. 1:11-cr-159.  Unless the

government objects, the court intends to modify that condition to

read:

The defendant must not possess or use a computer
or other device (as defined in 18 U.S.C. §
1030(e)(1)) capable of Internet access until a
Computer Use Agreement is developed and approved
by the sex offender treatment provider and/or
probation officer.  Such approval will not be
unreasonably withheld.  Such computers, computer
hardware or software possessed solely by the
defendant is subject to searches and/or seizures
by the probation office.

Federal Rule of Criminal Procedure 32.1(c)(2) allows the

court to modify defendant's conditions of supervised release

without a hearing if "the relief sought is favorable to the

person and does not extend the term of probation or of supervised

release" and "an attorney for the government has received notice

of the relief sought, has had a reasonable opportunity to object,

and has not done so."  The proposed modification is favorable to

the defendant.  If the United States objects to the proposed

modification, it is hereby **ORDERED** to file an objection with the

court no later than September 30, 2021.

The court **DIRECTS** the Clerk to send a copy of this Order

to defendant, counsel of record, and the United States Probation

Office.

**IT IS SO ORDERED** this 9th of September, 2021.

ENTER:

David A. Faber
Senior United States District Judge